[No. 2067.   Decided August 28, 1896.]

SARAH CARROLL, *Respondent*, v. ANDREW F. BURLEIGH
*Receiver of the Northern Pacific Railroad Company,*
*Appellant.*

CARRIERS — INJURIES TO PASSENGERS — CONTRIBUTORY NEGLIGENCE —
INSTRUCTIONS.

A passenger upon a freight train, which also carries passengers,
who has been injured by the sudden starting of the train while
alighting, is not guilty of contributory negligence, as a matter of law,
in attempting to alight therefrom before it had pulled up to the de-
pot platform, or before notice to get off had been given, when the
train had come to a stop a few feet distant from the platform, where
it appears that the train stopped at this time at its usual place of
stopping, that it was customary for the passengers to get of at that
place or when the first stop was made, and that the plaintiff had
knowledge of such custom.

The fact that the court, in charging the jury as to the right of
plaintiff to recover in case of the defendant's negligence, left out of
consideration the question of contributory negligence of the plain-
tiff, is not error, when the court expressly charges the jury upon
that point later in the course of its instructions.

Appeal from Superior Court, King County.— Hon.
RICHARD OSBORN, Judge.   Affirmed.

*Ashton & Chapman,* for appellant.

*W. H. Thompson, E. P. Edsen* and *John E. Humph-*
*ries,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—Plaintiff brought this action to recover
for injuries sustained by being thrown from the de-
fendant's train, and, obtaining a judgment, the defend-
ant has appealed.

The train in question was a freight train, but it also
carried passengers.  On arriving at plaintiff's desti-

nation the train came to a stop a few feet distant from
the depot platform and plaintiff arose to alight, and
as she got upon the rear platform the train suddenly
started and threw her to the ground, whereby she was
injured.

Appellant contends that the plaintiff should not
have been allowed to recover because she was guilty
of contributory negligence in getting up to leave the
car before it had pulled up to the platform, or before
notice to get off had been given.  But there was testi-
mony to show that the train stopped at this time where
it usually stopped, and that it was customary for the
passengers to get of at that place, or when the first
stop was made, and that the plaintiff had ridden upon
such train several times before.   Under such circum-
stances we could not hold as a matter of law that the
plaintiff was guilty of contributory negligence in at-
tempting to leave the car as she did.   At most it could
have been but a question of fact for the jury, and it
was properly submitted to them under the instruc-
tions of the court.

Several of the instructions are also complained of by
the appellant.   As to the first one, it is contended that
the court in instructing the jury as to the right of the
plaintiff to recover in case the defendant was negli-
gent, left out of consideration the question of con-
tributory negligence of the plaintiff.   But, conceding
this to be true, the court expressly instructed the jury
later on, that notwithstanding the negligence of de-
fendant, if the plaintiff's negligence contributed to
the injury, she was not entitled to recover, and conse-
quently there was no error.

We think there is no error in any of the instructions,
that the cause was fairly submitted to the jury, and

that the proof was sufficient to sustain the verdict obtained by the plaintiff. . There being no other matter complained of calling for special attention, the judgment is affirmed.

ANDERS, GORDON and DUNBAR, JJ., concur.